**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ralph B. Hayes, Appellant.

Appellate Case No. 2012-213261

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2014-UP-385
Heard September 11, 2014 – Filed November 5, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of South
Carolina Commission on Indigent Defense, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, Assistant
Attorney General Kaycie S. Timmons, all of Columbia;
and Solicitor W. Walter Wilkins, III, of Greenville, for
Respondent.

**PER CURIAM:** Ralph B. Hayes appeals his convictions for murder and possession of a weapon during the commission of a violent crime, arguing he should have received a directed verdict of acquittal because the State failed to present sufficient evidence of his guilt. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Logan*, 405 S.C. 83, 97, 747 S.E.2d 444, 451 (2013) ("Unlike direct evidence, evaluation of circumstantial evidence requires jurors to find that the proponent of the evidence has connected collateral facts in order to prove the proposition propounded—a process not required when evaluating direct evidence."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Al-Amin*, 353 S.C. 405, 413, 578 S.E.2d 32, 36 (Ct. App. 2003) ("Flight from prosecution is admissible as evidence of guilt."); *State v. Caulder*, 287 S.C. 507, 516, 339 S.E.2d 876, 882 (Ct. App. 1986) ("By incriminating response we refer to any response—whether inculpatory or exculpatory—that the *prosecution* may seek to introduce at trial." (citation and internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**